**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Henry Nguyen, | ) | No. CV-12-2103-PHX-SMM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF DECISION** |
| | ) | **AND ORDER** |
| American Family Mutual Ins. Co., | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Defendant's motion for summary judgment.  (Doc. 77.) The motion is fully briefed.  (See Docs. 78, 82, 89-90, 95-97.)  Also pending is Defendant's separate motion to strike, which is fully briefed.  (Docs. 91, 97, 100.)  After reviewing the briefs, the Court will grant Defendant's motion for summary judgment and will grant in part, deny in part, and sanction Defendant for filing a separate motion to strike.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Henry Nguyen ("Nguyen or Mr. Nguyen"), who lives in California, owns commercial property located at 775 N. Arizona Blvd. in Coolidge, Arizona.  Mr. Nguyen's commercial property was insured under an insurance policy issued by Defendant American Family Mutual Insurance Co. ("American Family").  The property consists of eight business suites, which Mr. Nguyen purchased in 2006.  (Doc. 78-1 at 80.)  Mr. Nguyen hired Norris Management as his property manager for the commercial property.  (Id. at 81.)

It is undisputed by the parties that on October 5, 2010, the metropolitan Phoenix area suffered a significant wind and hail storm. (Doc. 77 at 2.)  Norris Management maintenance

1    records show that they oversaw roof repairs at the property both before and after the October

2    5, 2010 storm. (Doc. 78-1 at 117-96.) Norris Management continued to receive complaints

3    from tenants regarding roof leaks and made multiple roof repairs between April 2011 and

4    March 2013. (Id.)

5         In October 2011, Mr. Nguyen emailed his insurance agent about reported storm

6    damage to his commercial property. (Doc. 100-1 at 6 ("Because of the rain last couple weeks

7    now the roof is leaking and damage hard . . .").) The agent's email response recommended

8    that Mr. Nguyen call the office and file a claim. (Id.) There is no evidence that Mr. Nguyen

9    followed through and filed a claim with American Family at this time.

10        On April 2, 2012, Mr. Nguyen filed a damage claim with his commercial property for

11    hail and storm damage. (Doc. 78-1 at 198-99.) The date of loss was stated as March 28,

12    2012. (Id. at 198.) American Family assigned Edwin Reyes to adjust the claim by

13    investigating and evaluating possible hail and storm damage. Mr. Reyes inspected the

14    commercial property with Mr. Nguyen's roofing contractor, Clifford Ray. (Doc. 95-4 at 3.)

15    Mr. Ray pointed out to Mr. Reyes damage he believed to have been caused by hail. (Doc.

16    95-4 at 3.) Mr. Reyes evaluated the roof for hail damage using test squares. (Doc. 78-1 at

17    207.) Upon inspecting the property Mr. Reyes found hail damage to the property's roof top

18    air conditioning units but concluded that they could be repaired by combing each unit's fins

19    rather than having to replace the entire units. (Id., see also id. at 214-20.) American Family

20    estimated the repair damage to the air conditioners was $433.32, which was below the

21    Policy's deductible, $1,000, and therefore a payment was not issued. (Id.)

22        Mr. Reyes further found that other roof damage was not caused by the storm of March

23    28, 2012. (Id. at 214-20.) It is undisputed that Reyes inspected and evaluated Mr. Nguyen's

24    claim based on the March 28, 2012 date of loss. After the inspection, on May 2, 2012,

25    American Family provided Mr. Nguyen its repair estimate and a letter explaining that other

26    damages to the property were not caused by the recent March 28, 2012 hailstorm, but were

27    attributed to neglect and wear and tear. (Id.) American Family reported that the roof

28    damages at issue included pockets of air and water that had formed underneath the roofing

1    material giving the roof a wavy appearance. (Id.)  The letter directed Mr. Nguyen to the
2    exclusion section of his policy, which stated that damages due to neglect and wear and tear
3    were not covered under the Policy.  (Id.; see also id. at 25.)

4         Subsequently, Mr. Nguyen contacted his contractor, Ray Brothers Construction, who
5    recommended that he retain a public adjusting company. (Id. at 106-08.). Within a few days,
6    Mr. Nguyen contracted with Home Restorers, LLC, a public adjusting firm.  (Id. at 221-22.)

7         Mr. Nguyen filed his complaint in this matter on October 4, 2012.  (Doc. 1.)  Mr.
8    Nguyen's complaint specifically alleged that the date of the loss for the claim was March 28,
9    2012.  (Id.) On May 3, 2013, at Mr. Nguyen's deposition, he testified that his property was
10   damaged in fact by the October 5, 2010 storm. The parties stipulated to allow Mr. Nguyen
11   to file a FAC for the limited purpose of conforming the date of loss to the evidence; Mr.
12   Nguyen filed a FAC changing the date of loss from March 28, 2012 to October 5, 2010.
13   (Docs. 34, 38.)  The parties also requested extensions of pre-trial deadlines and the Court
14   held a hearing regarding the request that pre-trial discovery deadlines be extended.  (Docs.
15   39, 44.)  At the hearing, the Court specifically asked Mr. Nguyen about the change in the
16   alleged date of loss from March 2012 to October 2010, to which he replied the parties agreed
17   that the alleged date of loss was the October 5, 2010 storm.  (Id.)  The Court extended the
18   pretrial deadlines (Doc. 45), and following the close of discovery, American Family moved
19   for summary judgment (Doc. 77).

20                              **STANDARD OF REVIEW**

21        *Summary Judgment*

22        A court must grant summary judgment if the pleadings and supporting documents,
23   viewed in the light most favorable to the nonmoving party, show "that there is no genuine
24   issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.
25   R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v.
26   Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive law determines
27   which facts are material.  See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also
28   Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit

1    under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>,

2    477 U.S. at 248.  The dispute must also be genuine, that is, the evidence must be "such that

3    a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>; <u>see</u> <u>Jesinger</u>, 24 F.3d

4    at 1130.

5        A principal purpose of summary judgment is "to isolate and dispose of factually

6    unsupported claims." <u>Celotex</u>, 477 U.S. at 323-24.  Summary judgment is appropriate

7    against a party who "fails to make a showing sufficient to establish the existence of an

8    element essential to that party's case, and on which that party will bear the burden of proof

9    at trial." <u>Id.</u> at 322; <u>see also</u> <u>Citadel Holding Corp. v. Roven</u>, 26 F.3d 960, 964 (9th Cir.

10   1994).  The moving party need not disprove matters on which the opponent has the burden

11   of proof at trial.  <u>See</u> <u>Celotex</u>, 477 U.S. at 323.  The party opposing summary judgment may

12   not rest upon the mere allegations or denials of the party's pleadings, but must set forth

13   "specific facts showing that there is a genuine issue for trial."  <u>See</u> <u>Matsushita Elec. Indus.</u>

14   <u>Co. v. Zenith Radio</u>, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963)

15   (amended 2010)) ; <u>Brinson v. Linda Rose Joint Venture</u>, 53 F.3d 1044, 1049 (9th Cir. 1995).

16   The non-movant's bare assertions, standing alone, are insufficient to create a material issue

17   of fact and defeat a motion for summary judgment. <u>Anderson</u>, 477 U.S. at 247–48.

18        *Breach of Contract*

19        In an action for breach of contract, the plaintiff has the burden of proving "the

20   existence of a contract, breach of the contract, and resulting damages." <u>Chartone, Inc.  v.</u>

21   <u>Bernini</u>, 207 Ariz. 162, 170, 83 P.3d 1103, 1112 (App. 2004) (citing <u>Thunderbird</u>

22   <u>Metallurgical, Inc. v. Ariz. Testing Lab.</u>, 5 Ariz. App. 48, 423 P.2d 124 (1976)).

23        Provisions of insurance contracts should be construed according to their plain and

24   ordinary meaning. <u>National Bank v. St. Paul Fire & Marine Ins. Co.</u>, 193 Ariz. 581, 584, 975

25   P.2d 711, 714 (App. 1999). The interpretation of an insurance contract is a question of law,

26   as is the question of whether the contract's terms are ambiguous. <u>Id.</u>  In Arizona, courts must

27   construe a clause which is subject to differing interpretations by "examining the language of

28   the clause, public policy considerations, and the purpose of the transaction as a whole." <u>State</u>

1  Farm Mut. Auto. Ins. Co. v. Wilson, 162 Ariz. 251, 257, 782 P.2d 727, 733 (1989).

2      "Where the contract language is unclear and can be reasonably construed in more than

3  one sense, an ambiguity is said to exist and such ambiguity will be construed against the

4  insurer." Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 534, 647 P.2d 1127, 1132

5  (1982). To determine whether such an ambiguity exists, the contract language "should be

6  examined from the viewpoint of one not trained in law or in the insurance business." Id.

7  Moreover, an insurance policy must be read as a whole to give "'reasonable and harmonious

8  meaning and effect to all its provisions.'" National Bank, 193 Ariz. at 584, 975 P.2d at 714

9  (quoting Fed. Ins. Co. v. P.A.T. Homes, Inc., 113 Ariz. 136, 139, 547 P.2d 1050, 1053

10  (1976)).

11                      **DISCUSSION**

12      *Motion to Strike*

13      On the basis of non-disclosure, American Family moves to strike factual and legal

14  allegations surrounding a report regarding damage to his property that Mr. Nguyen emailed

15  to his insurance agent in 2011 and Mr. Nguyen's allegations of diminished property value.

16  (Doc. 97.)  Mr. Nguyen objects and American Family has replied in support.  (Docs. 97,

17  100.)

18      The District's Local Rules permit a motion, a response, and a reply. LRCiv 7.2(b)-(d).

19  They further provide that motions objecting to, arguing about, or seeking to strike evidentiary

20  matters be raised "in the objecting party's responsive or reply memorandum and not in a

21  separate . . . filing." Id. 7.2(m)(2).  "The purpose of LRCiv 7.2(m)(1) is to require unitary

22  briefs, including objections to evidence and to the propriety of arguments, within the page

23  limits or beyond them by leave of the court." Pruett v. Arizona, 606 F.Supp.2d 1065, 1074

24  (D. Ariz. 2009). Litigants may not divide their briefs and multiply their page limits by styling

25  part of the argument as a separate motion to strike.  See Custom Vehicles, Inc. v. Forest

26  River, Inc., 464 F.3d 725, 727–28 (7th Cir. 2006) (Easterbrook, J.) (stating that a "motion

27  to strike" that is argument for the lack of merit of the underlying motion is unauthorized and

28  improper).  Whether an unauthorized filing should be stricken is within the Court's

1  discretion.  See Golden Gate Hotel Ass'n v. City and Cnty. of San Francisco, 18 F.3d 1482,

2  1485 (9th Cir. 1994).

3       The Court finds that American Family violated the District's Local Rule by dividing

4  their briefs and multiplying their page limits by styling part of their argument as a separate

5  motion to strike.  Although the Court will exercise its discretion and consider the merits of

6  American Family's motion, the Court will also sanction American Family by not allowing

7  it to recover its costs for preparation of the motion or its reply.

8       Federal Rule of Civil Procedure 37(c)(1), provides that "[i]f a party fails to provide

9  information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to

10  use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless

11  the failure is substantially justified or harmless."  The Ninth Circuit Court of Appeals has

12  observed that "we give particularly wide latitude to the district court's discretion to issue

13  sanctions under Rule 37(c)(1)." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d

14  1101, 1106 (9th Cir. 2001).  As the rule provides, however, sanctions will not be imposed

15  if the failure to disclose was substantially justified or harmless. Fed. R. Civ. P 37(c)(1).

16  "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove

17  harmlessness." Yeti by Molly, Ltd., 259 F.3d at 1106.

18       "For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified

19  where the non-moving party has a reasonable basis in law and fact, and where there exists

20  a genuine dispute concerning compliance. See Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D.

21  Kan. 1995)). "Failure to comply with the mandate of the Rule is harmless when there is no

22  prejudice to the party entitled to the disclosure." Id.

23       In October 2011, Mr. Nguyen emailed his insurance agent about reported storm

24  damage to his commercial property.  (Doc. 100-1 at 6 ("Because of the rain last couple

25  weeks now the roof is leaking and damage hard . . .").)  The agent recommended that Mr.

26  Nguyen call the office and file a claim.  (Id.) There is no evidence that Mr. Nguyen followed

27  through and filed a claim with American Family at this time

28       Mr. Nguyen included his October 2011 contact with the insurance agent in his

1  response to Amercian Family's motion for summary judgment.  (Doc. 95 at 3.)  Nguyen

2  alleged that American Family never sent anyone to inspect the property at that time.  (Id.)

3      American Family contends that the factual basis of Mr. Nguyen's bad faith allegations

4  arising out of the 2011 contact were not properly disclosed and should be stricken.  (Doc.

5  91.)  Mr. Nguyen responds that there can be no prejudice due to any non-disclosure because

6  it was American Family who disclosed the information to him.  (Doc. 97, (citing Doc. 97-2

7  at 4).)  American Family argues that any 2011 bad faith allegations were not disclosed in

8  responses to interrogatories and in Nguyen's disclosure statements; rather Nguyen only

9  alleged bad faith conduct arising from the adjustment of his 2012 claim.  Continuing,

10  American Family argues that Nguyen was required to disclose the substance of his

11  allegations, including identifying the 2011 emails, the insurance agent as a person with

12  knowledge, the property management company as a relevant witness to damage and repairs

13  in 2011, but Nguyen's disclosures lacked any of this information.

14      The Court agrees with American Family that Nguyen failed to comply with his

15  disclosure obligations under Fed. R. Civ. P. 26 and never supplemented his Rule 33

16  responses.  The Court will exercise its discretion and strike the 2011 bad faith allegations;

17  Mr. Nguyen had a continuing obligation to update his legal theories, especially given the

18  filing of his FAC which changed the date of loss from 2012 to 2010.  As to the 2011 email

19  report that American Family disclosed to Mr. Nguyen in requests for production, even though

20  it was not disclosed, American Family was certainly aware of it.  It is harmless and will not

21  be stricken.  Finally, Mr. Nguyen's allegations of diminished value were not disclosed and

22  will be stricken.

23      *Breach of Contract*

24      A federal court sitting in diversity applies state substantive law and federal procedural

25  law.  See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1995).  Thus, this

26  Court applies Arizona law to the interpretation of the insurance contract at issue. See

27  Benevides v. Arizona Prop. & Cas. Ins. Guar. Fund, 184 Ariz. 610, 613, 911 P.2d 616, 619

28  (App. 1995).

1       In his FAC, Mr. Nguyen alleges American Family breached the insurance contract

2   because he filed a claim for benefits due to storm damage under his insurance policy and

3   American Family failed to pay benefits due and owing under the terms of the policy causing

4   him to sustain damages.  (Doc. 38 at 4.)  Mr. Nguyen claims that his commercial property

5   suffered storm damage arising from the October 5, 2010 storm, yet American Family refused

6   to pay. (Id. at 1-4.)

7       On several grounds American Family moves for summary judgment regarding Mr.

8   Nguyen's breach of contract claim.  It contends that: 1) Mr. Nguyen did not timely bring

9   legal action within 2 years of the date of loss as required by the policy; 2) Mr. Nguyen failed

10  to comply with the terms of the policy requiring prompt notice of loss to the insurer and is

11  thus barred from bringing legal action; and 3) it did not breach any policy provisions

12  regarding payment obligations for any benefit owed under the policy.  (Doc. 77 at 4-9.)

13      1.  Timely Legal Action

14      American Family states that Mr. Nguyen initially filed his complaint on October 4,

15  2012. (Doc. 1.)  The complaint specifically alleged that the date of the loss for his claim was

16  March 28, 2012.  (Id.)  At his deposition in May 2013, Mr. Nguyen testified that his

17  commercial property was damaged by the October 5, 2010 storm.  (Doc. 78-1 at 82, 87-88.)

18  On August 26, 2013, Mr. Nguyen filed his FAC, substituting the date of loss as October 5,

19  2010. (Doc. 38.) Based on the date that Mr. Nguyen filed his FAC and pursuant to the terms

20  of the insurance policy, American Family contends that Mr. Nguyen was required to and

21  failed to bring his action for property damage within 2 years after the date of loss.  (Doc. 77

22  at 4-7.)

23      Mr. Nguyen argues that American Family's contention should be rejected because he

24  filed his lawsuit within 2 years of the October 5, 2010 storm and his FAC should relate back

25  to the date of his original complaint.  (Doc. 95 at 5.)  Mr. Nguyen further objects that

26  American Family is not relying on a legal statute of limitations but merely the provisions of

27  the controlling insurance policy.  (Id.)  Finally, he argues that his FAC should relate back

28  because American Family cannot establish any prejudice that arose as a result of his filing

the FAC.  (Id.)

It is undisputed that the policy provisions require that an insured bring legal action within 2 years after the date of loss or damage occurred.  (Doc. 78-1 at 28.)  It is further undisputed that the August 26, 2013 FAC changed the date of loss alleged in the complaint from March 28, 2012 to October 5, 2010, which is outside the 2 year limit set by the policy.  (Compare Doc. 38 with Doc. 1.)  Mr. Nguyen thus argues that the FAC relates back to his October 4, 2012 timely filed complaint. (Doc. 95 at 6.)  Both parties cite Fed. R. Civ. P. 15(c) regarding whether the FAC relates back to the date of the original complaint.

Rule 15(c) provides that an amended pleading "relates back" to the date of a timely filed original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).  Under Rule 15(c)(1)(B), at issue is whether "the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." Martell v. Trilogy Ltd., 872 F.2d 322, 325 (9th Cir. 1989).  The Martell court stated that Rule 15(c) is satisfied if the original complaint provided the defendant with fair notice that litigation was arising out of a specific factual situation.  Id. at 326.

The Court finds that the October 5, 2010 storm did not arise out of the same "conduct, transaction, or occurrence" as the March 28, 2012 storm. The time of the occurrences are different and the storms do not share a common core of operative facts.  The Court agrees with Defendant's further contention that "changing the date of the alleged damage from 2012 to 2010 completely changes causation and insurance coverage issues, i.e. neglect, wear and tear, negligent repair, and timely reporting of the claim."  (See Doc. 77 at 6-7.)  Prior to Mr. Nguyen's March 28, 2012 storm damage claim, it is undisputed that the Mr. Nguyen's property management company, Norris Management, had repairs performed to the commercial property's roof following the October 5th storm.  (See Doc. 78-1 at 117-124.)

Mr. Nguyen argues that the filing of his FAC should relate back because his initial complaint put American Family on notice that their conduct was being challenged, citing

1   Clipper Express v. Rocky Mountain Motor Tarriff Bureau, Inc., 690 F.2d 1240, 1260 (9th

2   Cir. 1982).  (Doc. 95 at 6.)  Mr. Nguyen further argues that when an amended pleading is

3   being asserted against the same defendant, Rule 15(c) is more leniently applied, citing

4   McKee v. Peoria Unified School Dist., 963 F. Supp.2d 911, 923 (D. Ariz. 2013).  (Id.)

5          The cited cases are not to the contrary.  For instance, in McKee, the court reasoned

6   that the question is whether the defendant ought to have known from the original complaint

7   *the facts* which the plaintiff is now adding, regardless of whether the amended pleading

8   added a new cause of action or was asserted against the same defendant.  963 F. Supp.2d at

9   923. The same principle is stated in Clipper Express, 690 F.2d at 1260 n.29 (stating that

10  "Under the relation back doctrine of Rule 15(c), the allegations of a new theory in an

11  amended complaint will not be time barred if the theory involves the same transaction,

12  occurrence, or core of operative facts involved in the original claim.")  The emphasis in all

13  of these cases–and rightly so under the rule–is whether the facts alleged in the original

14  pleading put defendant on fair notice of the transaction, occurrence, or conduct called into

15  question by the amended pleading.  In this case, the Court is not confronted with different

16  legal theories or causes of action arising out of the facts of the March 28th, 2012 storm but

17  different storms altogether.  Moreover, by the time the March 28th storm occurred, the

18  factual condition of the commercial property already had necessarily been altered as a result

19  of the October 5th storm.  Thus, under Rule 15(c)(1)(B), the Court finds that the date of filing

20  of the FAC, August 26, 2013, does not relate back to the time of filing of his original

21  complaint, October 4, 2012.

22          2.  Prejudice

23          Next, given that his FAC does not relate back in time to the filing of his original

24  complaint, Mr. Nguyen asserts that his FAC was allegedly untimely not because of any

25  statute of limitations but because of a unilaterally imposed requirement established by his

26  insurance policy.  (Doc. 95 at 8.)  Continuing, he argues that while insurance companies are

27  permitted to shorten applicable statutes of limitation, the Arizona Supreme Court has held

28  that insurers "may be estopped from raising the defense based upon such an adhesive clause

1    where the enforcement of that clause would work an unjust forfeiture." (<u>Id.</u>, (citing

2    <u>Zuckerman v. Transamerica Ins. Co.</u>, 133 Ariz. 139, 146, 650 P.2d 441, 448 (1982)).)

> 3    The key factor in the determination of this issue is the question of whether the
> insurer has shown prejudice by reason of the delay in filing suit. . . . The clause
> 4    will be enforced when the reasons for its existence are thereby served and will
> not be applied when to do so would be to defeat the basic intent of the parties
> 5    in entering into the insurance transaction.

6    <u>Id.</u> Mr. Nguyen contends that American Family cannot establish that it was prejudiced by

7    any delay in his asserting a change in the date of loss from March 28, 2012, to October 5,

8    2010. (Doc. 95 at 8.) In support, he argues that American Family's adjuster testified that it

9    did not effect his claims handling and that American Family's roofing expert was already on

10   notice of the new date of loss when he evaluated the effects of storm damage at the

11   commercial property. (<u>Id.</u>)

12   American Family contends that they were prejudiced by Mr. Nguyen's delay in

13   reporting that the cause of the loss was the 2010 storm until his deposition in May 2013

14   because the delay deprived American Family of the ability to timely investigate Mr.

15   Nguyen's alleged storm damages. (Doc. 89 at 3.) In support, American Family argues that

16   Mr. Nguyen's alleged damages involve water damage to a roof that evolved over time. (<u>Id.</u>)

17   According to American Family, when water entered the roof and when the roof became

18   compromised is critical. (<u>Id.</u>) American Family also contends that Norris Management, Mr.

19   Nguyen's management company, made repairs to the commercial property after the 2010

20   storm and continued to make repairs into 2013. (<u>Id.</u>) Based on those repairs, American

21   Family contends that an earlier inspection could have isolated when damages occurred and

22   by what mechanism, and could have prevented ongoing damage to the roof and interior. (<u>Id.</u>)

23   The Court agrees that the FAC is allegedly untimely not because of the six year statute

24   of limitations for breach of contract, <u>see</u> <u>Insurance Co. of North America v. Superior Court</u>

25   <u>In and For Cnty. of Santa Cruz</u>, 166 Ariz. 82, 86, 800 P.2d 585, 589 (1990), but because of

26   a unilaterally imposed requirement in the insurance policy. While insurance companies are

27   permitted to shorten the period to file an action for breach of contract, the key factor in the

28   determination of this issue is the question of whether the insurer has shown prejudice by

1   reason of the insured's delay.  See Zuckerman, 133 Ariz. at 146, 650 P.2d at 448.

2          As to Mr. Nguyen's claim that the change in the date of loss did not effect American

3   Family's adjuster's evaluation of October 5, 2010 storm damage, the adjuster, Edwin Reyes,

4   disagreed and testified that when he evaluated the commercial property he was assessing

5   March 28, 2012 storm damage, not 2010 damage.  (Doc. 78-1 at 201-04; see also id. at 198-

6   99.)   The adjuster further testified that the subsequent change in the date of loss was

7   irrelevant to his evaluation of March 28, 2012 storm damage because Mr. Nguyen failed to

8   notify the insurer of a October 5, 2010 storm damage claim when the alleged damage

9   occurred, and because the roof has suffered neglect and wear and tear over a long period of

10  time.  (See id. at 212, 214.)

11         Regarding Mr. Nguyen's argument that American Family was not prejudiced because

12  their roofing expert should have evaluated whether the roof of the commercial property

13  suffered hail damage from the October 5th storm, the July 25, 2013, expert report prepared

14  by Stephen Klinger evaluated March 28, 2012 storm damage and concluded that there was

15  no clear evidence of hail damage to the integrity of the roof.  (Id. at 252-65.)  It is undisputed

16  that the FAC was not filed until August 26, 2013, which was after Mr. Klinger submitted his

17  report.

18         Ultimately, in its assessment of prejudice, the Court finds that American Family has

19  established prejudice both because the insured's delay unreasonably deprived American

20  Family of the ability to timely investigate and assess whether there was storm damage to the

21  commercial property after the October 10 storm.  The Court has already noted that Norris

22  Management was Mr. Nguyen's property manager for the commercial property.  (Doc. 78-1

23  at 80-81.)  Evidence of record establishes that Norris Management was aware of the October

24  5, 2010 storm the day after it occurred, was aware of ongoing tenant complaints of a leaking

25  roof, and had repairs performed upon the roof on multiple occasions after the storm and prior

26  to Mr. Nguyen initiating a claim with American Family on April 2, 2012.  (Id. at 117-24 and

27  125-96; id. at 198-99.) Certainly the knowledge of Mr. Nguyen's agent is imputed to the

28  principal, yet Mr. Nguyen did not file a claim with American Family until April 2, 2012.  See

1  Manley v. Ticor Title Ins. Co. of Cal., 168 Ariz. 568, 572, 816 P.2d 225, 229 (1991); (Doc.

2  78-1 at 198-99.)  When he did file a claim, the date of loss noted by American Family was

3  March 28, 2012, not October 5, 2010.  (Doc. 78-1 at 198-99.)  American Family promptly

4  investigated the date of loss claim of March 28, 2012 and issued its evaluation.  (Id. at 214-

5  20.)  It was not until May 2013 that Mr. Nguyen disclosed that the date of loss was October

6  5th, 2010; by that time multiple repairs had been made to the roof, other storms had come

7  and gone, all of which precluded American Family from being able to conduct a

8  contemporaneous investigation and properly evaluate and assess whether there was storm

9  damage to the commercial property that occurred almost 3 years prior.

10        Therefore, the Court finds that American Family has established that it was prejudiced

11  by Mr. Nguyen's delay in not bringing this action in accordance with the policy provisions.

12  Based on the date that Mr. Nguyen filed his FAC and pursuant to the terms of his insurance

13  policy, the Court further finds that Mr. Nguyen was required to and failed to bring his action

14  for property damage in accordance with policy provisions.  Consequently, the Court finds

15  that American Family did not breach the insurance contract it entered into with Mr. Nguyen

16  and, absent breach, American Family is entitled to summary judgment.

17        Based on the Court's conclusion that Mr. Nguyen did not timely bring legal action

18  within 2 years of the date of loss as required by the policy and consequently that American

19  Family did not breach the terms of the insurance policy, the Court need not consider

20  American Family's further arguments in favor of summary judgment, including that Mr.

21  Nguyen failed to comply with the terms of the policy requiring prompt notice of loss to the

22  insurer and that the insurer did not breach any policy provisions regarding payment

23  obligations for any benefit owed to Mr. Nguyen under the policy.

24        *Bad Faith/Punitive Damages*

25        Mr. Nguyen further claims that American Family breached the duty of good faith and

26  fair dealing arising out of its investigation and assessment of his property damage claim.

27  Arizona's two year statute of limitation period for bad faith claims "begins to run upon

28  accrual." Manterola v. Farmers Ins. Exchange, 200 Ariz. 572, 576, 30 P.3d 639, 643 (App.

1    2001) (citing <u>Doe v. Roe</u>, 191 Ariz. 313, 326, 955 P.2d 951, 964 (1998)). "Under the

2    common law discovery rule, a cause of action does not accrue until the plaintiff knows or

3    with reasonable diligence should know" the defendant's wrongful conduct. <u>Id.</u> (internal

4    quotations and citations omitted).  At issue is American Family's investigation, assessment,

5    and processing of Mr. Nguyen's April 2, 2012 storm damage claim (Doc. 78-1 at 198-99),

6    which is not subject to a statute of limitations bar.

7          American Family claims that it is entitled to summary judgment as its adjuster, Mr.

8    Reyes, inspected the property based on the report that the property was damaged as a result

9    of a March 28, 2012 hailstorm. Mr. Reyes inspected the commercial property for recent hail

10   and storm damage with Mr. Nguyen's roofing contractor, Clifford Ray. (Doc. 95-4 at 3.) Mr.

11   Ray pointed out to Mr. Reyes damage he believed to have been caused by hail.  (Doc. 95-4

12   at 3.)  Mr. Reyes evaluated the roof for hail damage using test squares.  (Doc. 78-1 at 207.)

13   Upon inspecting the property Mr. Reyes found hail damage to the property's roof top air

14   conditioning units but concluded that they could be repaired by combing each unit's fins

15   rather than replacing the entire units. (<u>Id.</u>, <u>see also</u> <u>id.</u> at 214-20.)   American Family

16   estimated the repair damage to the air conditioners at $433.32, which was below the Policy's

17   deductible, $1,000, and therefore a payment was not issued.  (<u>Id.</u>)  Mr. Nguyen disagreed

18   with American Family's finding, but never informed American Family of his disagreement.

19   (<u>Id.</u> at 109-110.)

20          Additionally, at the time of American Family's investigation and evaluation of the

21   claim, American Family asserts that Mr. Nguyen did not inform it that his property damage

22   claim arose from the October 5, 2010 hailstorm.  (<u>See</u> Doc. 1 (citing March 28, 2012 as the

23   date of loss).) It was not until Mr. Nguyen's May 2013 deposition that Mr. Nguyen clarified

24   that he was asserting a property damage claim from the October 5, 2010 storm (<u>id.</u> at 82, 97)

25   and subsequently filed his FAC (Doc. 38), citing October 5, 2010 as the date of loss.

26   American Family contends that until the FAC, Mr. Nguyen never asserted a claim regarding

27   alleged damage from the October 10, 2010 hailstorm.  (Doc. 89 at 6-7.)  As a result,

28   American Family contends that it could not have unreasonably investigated, evaluated, or

1   processed Mr. Nguyen's claim based on the October 2010 hailstorm or knowingly acted

2   unreasonably based on an October 2010 date of loss, since all it was investigating was hail

3   storm damage from the March 28, 2012 storm  (Id.)

4       Mr. Nguyen contends that his contractor, Mr. Ray, pointed out to American Family's

5   adjuster during his investigation significant damage to the air conditioning units and even

6   secured agreement from Mr. Reyes that the air conditioning units must be replaced.  (Doc.

7   95 at 14.)  Mr. Nguyen further contends that his roof had not been leaking for months prior

8   to the October 5, 2010 storm and then leaked right after the storm.  (Id.)

9       "An insurance contract is not an ordinary commercial bargain; implicit in the contract

10  and the relationship is the insurer's obligation to play fairly with its insured." Zilisch v. State

11  Farm Mut. Auto. Ins. Co., 196 Ariz. 234, 237, 995 P.2d 276, 279 (2000) (further quotation

12  omitted).  Although insurers do not owe fiduciary duties to their insureds, they do owe some

13  duties of a fiduciary nature including equal consideration, fairness and honesty.  Id.  The

14  insurer is obligated to conduct a prompt and adequate investigation, to act reasonably in

15  evaluating the insured's claim, and to promptly pay a legitimate claim.  Id. at 238, 995 P.2d

16  at 280.

17      "An insurer acts in bad faith when it unreasonably investigates, evaluates, or processes

18  a claim (an 'objective' test), and either knows it is acting unreasonably or acts with such

19  reckless disregard that such knowledge may be imputed to it (a 'subjective' test)." Nardelli

20  v. Metro. Group Prop. & Cas. Ins. Co., 230 Ariz. 592, 597-98, 277 P.3d 789, 794-95 (App.

21  2012) (citing Zilisch, 196 Ariz. at 238, 995 P.2d at 280). The objective and subjective

22  elements of bad faith are applied to both the insurer's evaluation of the claim and the

23  insurer's claims handling process. See Deese v. State Farm Mutual Auto. Ins. Co., 172 Ariz.

24  504, 507, 838 P.2d 1265, 1268 (1992); see also Zilisch, 196 Ariz. at 238, 995 P.2d at 280.

25      The insurer may challenge claims regarding coverage which are fairly debatable.

26  Zilisch, 196 Ariz. at 237, 995 P.2d at 279. To determine fair debatability, the Court first

27  looks to whether the insurer's actions were objectively reasonable, which is based upon a

28  simple negligence standard–whether the insurance company acted in a manner consistent

1    with the way a reasonable insurer would be expected to act under the circumstances.  See

2    Trus Joist Corp. v. Safeco Ins. Co. of Am., 153 Ariz. 95, 104, 735 P.2d 125, 134 (App.

3    1986).

4           If the insurer acted objectively unreasonably, then the Court moves to the subjective

5    inquiry and determines if the insurer knew or was conscious that its conduct was

6    unreasonable or acted with such reckless disregard that such knowledge may be imputed to

7    it.  Id.  Generally, the insurer's "belief in fair debatability 'is a question of fact to be

8    determined by the jury.'" Zilisch, 196 Ariz. at 237, 995 P.2d at 279 (citing Sparks v.

9    Republic Nat'l Life Ins. Co., 132 Ariz. 529, 539, 647 P.2d 1127, 1137 (1982).  However, if

10   the insured offers no significantly probative evidence that calls into question the insurer's

11   subjective belief in fair debatability, the court may rule on the issue as matter of law.  See

12   Knoell v. Metropolitan Life Ins. Co., 163 F. Supp.2d 1072, 1076 (D. Ariz. 2001); see also

13   Aetna Cas. & Sur. Co. v. Superior Court In & For Cnty. Of Maricopa, 161 Ariz. 437, 440,

14   778 P.2d 1333, 1336 (App. 1989) (stating that "there are times when the issue of bad faith

15   is not a question appropriate for determination by the jury.").

16          According to Mr. Nguyen, bad faith must go to the jury because American Family

17   unreasonably investigated, evaluated, or processed his claim and knew it was acting

18   unreasonably, even though American Family did not have an accurate date of loss regarding

19   his storm damage claim.  The Court finds that no reasonable juror could conclude that

20   American Family acted unreasonably when it did not have the accurate date of loss or any

21   notice from Mr. Nguyen that he disagreed with American Family's evaluation of recent hail

22   storm damage.

23          Specifically, the Court finds that Mr. Ray's deposition testimony only reflects that Mr.

24   Reyes agreed that the air conditioning units would be "covered" not that they would be

25   replaced. (Doc. 96-4 at 5.)  This is an important distinction, as it is undisputed that American

26   Family covered damages to the air conditioner units but that the amount of damages did not

27   exceed Mr. Nguyen's deductible.    (Doc. 78-1 at 214-20.)    Additionally, Mr. Ray

28   acknowledged his belief that the air conditioning units would be replaced was just his

1    personal opinion, not an actual statement by Mr. Reyes.  (Doc. 96-4 at 5.)

2           Regarding the roof condition in 2010 and how it was not leaking for months prior to

3    the October 5, 2010 storm; this is irrelevant.   The issue is whether American Family

4    unreasonably adjusted Mr. Nguyen's claim and knew it was acting unreasonably when it

5    investigated, assessed and paid out the hail damages for the air conditioning units.  The Court

6    does not find evidence in the record establishing that American Family's adjuster

7    unreasonably failed to find hail damage in his assessment of recent storm damage arising out

8    of Mr. Nguyen's March 28, 2012 claim. There is no evidence that the adjuster knew or

9    should have known that he was investigating and evaluating whether there was 2-year old

10   hail damage.  Thus, there is no evidence from which a jury could reasonably conclude that

11   American Family's investigation and handling of Mr. Nguyen's claim was unreasonable.

12   Therefore, American Family is entitled to summary judgment.

13          Regarding punitive damages, the Court has already determined that the American

14   Family's conduct was reasonable. In bad faith cases, punitive damages are not available

15   unless the evidence establishes that, *in addition to bad faith*, the insurer acted with an evil

16   mind. Gurule v. Illinois Mut. Life and Cas. Co., 152 Ariz. 600, 601, 734 P.2d 85, 86 (1987);

17   see also Thompson v. Better-Bilt Aluminum Products Co., Inc., 171 Ariz. 550, 556, 832 P.2d

18   203, 209 (1992) (stating that punitive damages are unavailable unless the alleged wrongdoer

19   is consciously aware of the wrongfulness or harmfulness of his conduct and yet continues to

20   act in the same manner in deliberate contravention to the rights of the victim). The Court has

21   already determined that the American Family's conduct was reasonable. Therefore, American

22   Family is also entitled to summary judgment on Mr. Nguyen's claim for punitive damages.

## CONCLUSION

23   On the basis of the foregoing, accordingly,

24   

25   **IT IS HEREBY ORDERED** granting American Family's motion for summary

26   judgment. (Doc. 77.)  The Court grants American Family's motion for summary judgment

27   regarding Mr. Nguyen's breach of contract claim, Mr. Nguyen's allegations of bad faith, and

28   Mr. Nguyen's punitive damage claim.  The Clerk shall enter judgment in favor of American

1   Family and dismiss this action.

2       **IT IS FURTHER ORDERED** granting in part and denying in part American

3   Family's motion to strike. (Doc. 91.) The Court grants American Family's motion to strike

4   Mr. Nguyen's 2011 bad faith allegations regarding his email report to his insurance agent and

5   Mr. Nguyen's allegations of diminished value. The Court denies American Family's motion

6   to strike the facts of the 2011 email report from Mr. Nguyen to his insurance agent.

7       **IT IS FURTHER ORDERED** sanctioning American Family for filing a separate

8   motion to strike. American Family shall not be allowed to recover its costs for preparation

9   of its separate motion to strike or its reply in support of the motion to strike.

10      DATED this 9th day of September, 2014.

11

12

13                          Stephen M. McNamee
                            Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28